U.S. DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY GUERRA, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| MYTECHHELP LLC, a Florida limited<br>liability company, | ) | |
| | ) | |
| Serve:  Michael W. Wallace | ) | **CLASS ACTION COMPLAINT** |
|        3303 W. Commercial Blvd. | ) | |
|        Ft. Lauderdale, FL 33309 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Kelly Guerra, by and through her undersigned counsel, brings this action on her

own behalf and on behalf of a Class and Subclass of persons and entities defined herein against

Defendant MyTechHelp LLC (hereinafter referred to as "MyTechHelp" or "Defendant") and for

her Complaint alleges, upon personal knowledge as to herself and her own experiences, and as to

all other matters upon information and belief and based on the investigation conducted by her

counsel, as follows:

### INTRODUCTION

1.      This class action is brought to remedy violations of state and federal consumer

protection laws in connection with Defendant's fraudulent business practices.  This action asserts

claims for violations of the Missouri Merchandising Practices Act, consumer fraud statutes in

various states, the Electronic Funds Transfer Act, common law fraud, and unjust enrichment.

2.      Defendant markets itself to consumers around the country as "tech support" for

numerous electronic devices.  Defendant knowingly and purposefully communicates with

consumers in a deceptive manner.  Specifically, Defendant's marketing and sales tactics are meant to intentionally deceive consumers into believing they have contacted the product manufacturer for qualified and specialized technical support, when consumers have in fact contacted Defendant, an unaffiliated and unqualified service provider.  Over the telephone, Defendant requests the consumer's personal debit/credit card account information for payment of the technical support service.  After the consumer provides Defendant with their debit/credit card number, Defendant initiates an unauthorized recurring charge to the unknowing consumer's account.

3.      Upon information and belief, Defendant's pattern of deceptive practices, which culminates with recurring unauthorized charges to consumer accounts, has defrauded thousands of consumers across the United States.

**THE PARTIES**

4.      Plaintiff Kelly Guerra (hereinafter referred to as "Plaintiff") is a citizen of the State of Missouri, residing in the City of St. Louis, Missouri, within the United States District Court for the Eastern District of Missouri.  Plaintiff is a victim of Defendant's deceptive practices which includes Defendant's act of charging fees to Plaintiff's bank account without Plaintiff's prior knowledge, consent or written authorization.

5.      Upon information and belief, Defendant MyTechHelp LLC is a Florida limited liability company that owns and operates a computer technical support service.  Defendant maintains its corporate headquarters and principal place of business at 5259 Coconut Creek Parkway in Margate, Florida 33063.  Defendant's registered agent is Michael W. Wallace, 3303 W. Commercial Blvd., Ft. Lauderdale, Florida 33309.  Upon information and belief, Defendant

uses deceptive marketing and sales practices to reach and conduct business with consumers in all 50 states and the District of Columbia.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one class member is a citizen of a state different than Defendant. In addition, this Court has subject matter jurisdiction pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*., which states that "[w]ithout regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

7.    This Court has personal jurisdiction over Defendant because it transacts significant amounts of business in Missouri with residents of Missouri, and has sufficient contacts with Missouri or otherwise intentionally avails itself of the laws and markets of Missouri.

8.    Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(a) as the injury arose in this District. Venue is additionally proper in this District because at least one plaintiff was injured by Defendant in this District, and Defendant transacts a significant amount of business in this District, including soliciting consumer business and entering into consumer transactions. In addition, venue is appropriate for the claims arising out of the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010 *et seq.*, because the statute applies to any company engaging in any of the activities regulated by the Act within the State of Missouri.

**FACTUAL BACKGROUND**

9.      On or about April 14, 2013, Plaintiff attempted to contact the technical support

department for Apple, Inc. ("Apple") so that Apple could use their equipment technology to help

locate her lost iPhone.  Apple is the sole manufacturer and producer of the iPhone.  When

Plaintiff entered "Apple tech support" in the Google internet search engine, the top listing

provided a telephone number for "Apple Support" and included a web address for

"apple.support.mytechhelp.com/."

10.     The following screen image depicts what Plaintiff and other consumers see when

they enter the words "Apple tech support" in their internet search engine attempting to find the

"real" Apple technical support:



11.     Plaintiff called the telephone number listed for "Apple Support" under the false

impression that she was contacting Apple or an affiliate of Apple.

12.     Plaintiff spoke to a salesperson who claimed to be an Apple technical support

specialist ("salesperson").  Plaintiff explained that she had lost her iPhone and wanted Apple's

assistance in locating her iPhone.  The salesperson informed Plaintiff that because special

equipment technology was needed to locate the iPhone, there was a one-time charge of $69.99.

Still under the false belief that she was speaking with Apple, Plaintiff agreed to the one-time charge. Plaintiff provided the salesperson with her debit/credit card account information and verbally authorized the payment of a one-time charge of $69.99.

13.     After receiving the payment information from Plaintiff, the salesperson claimed to be attempting to locate the iPhone using their special equipment technology. The salesperson then informed Plaintiff that the iPhone could not be located.

14.     On or about April 16, 2013, Defendant initiated and secured a payment from Plaintiff's bank account in the amount of $69.99.

15.     At no time during the telephone conversation did the salesperson explain to Plaintiff that Defendant was in fact not Apple, and was in fact not in any way affiliated with Apple.

16.     At no time during the telephone conversation did the salesperson request permission to initiate recurring charges to Plaintiff's account.

17.     At no time during the telephone conversation did Plaintiff agree to authorize Defendant to initiate recurring charges to Plaintiff's account.

18.     At no time during the telephone conversation did Plaintiff agree to purchase a "tech support plan" whereby she would be charged a monthly recurring payment of $19.99 which would be electronically transferred from her account to Defendant.

19.     On or about June 5, 2013, Plaintiff noticed on her account statement that Defendant had initiated and secured a charge to Plaintiff's account in the amount of $19.99 on June 4, 2013. The account statement listed "MYTECHHELP" as the party who initiated and secured the charge. Plaintiff was alarmed because to her knowledge she had no relationship with a company named MyTechHelp.

20.     Plaintiff's bank was contacted regarding the unauthorized charge.  Upon investigation, Plaintiff's bank determined that a preauthorized recurring electronic fund transfer in the amount of $19.99 had been initiated by Defendant on or about April 16, 2013 with the first such recurring payment secured on June 4, 2013.

21.     At no time did Plaintiff authorize MyTechHelp, in writing or otherwise, to charge $19.99 to her account.

22.     At no time was Plaintiff provided a copy of any such written authorization.

23.     Upon information and belief, the same fraudulent scheme that was perpetrated on Plaintiff has been perpetrated on thousands of U.S. citizens.

24.     Upon information and belief, Defendant has illicitly charged the accounts of owners of Apple products as well as owners of products manufactured by numerous companies including, but not limited to Sony, Samsung, HP, Gateway, Asus, Compaq and many others. Defendant's deceptive activities amount to a fraud on the entire market.

25.     Upon information and belief, Defendant purposefully and intentionally initiates and secures these illicit charges, on a recurring basis, without the prior knowledge, consent or written authorization of the owner of the account.

26.     Upon information and belief, Defendant continues to perpetrate the above described fraud at the present time.

### CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this class action on behalf of herself and all others similarly situated as Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28.     Plaintiff seeks to represent a "National Class" defined as follows:

>       All United States residents with a debit/credit card account to
>       which Defendant initiated and secured a charge without the prior

knowledge, consent or written authorization of the owner of the
account.

29.     Plaintiff seeks to represent a "Missouri Subclass" defined as follows:

All Missouri residents with a debit/credit card account to which
Defendant initiated and secured a charge without the prior
knowledge, consent or written authorization of the owner of the
account.

30.     Excluded from both the National Class and Missouri Subclass are Defendant,

Defendant's parent, subsidiaries and affiliates, their directors, officers and members of their

immediate families; also excluded are any federal, state or local government entities, any judicial

officers presiding over this action and the members of their immediate family and judicial staff,

and any juror assigned to this action.

31.     Plaintiff seeks to define the Class period as including all charges initiated and

secured on or after one year prior to the date of the filing of this Complaint.

32.     Plaintiff reserves the right to modify the Class description and Class period based

on the results of discovery.

33.     Plaintiff is a member of the National Class and the Missouri Subclass (hereinafter

referred to collectively as "the Class" unless otherwise specified) that she seeks to represent.

34.     Plaintiff and the Class bring this action for equitable, injunctive and declaratory

relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil

Procedure.

35.     **Numerosity:**  The proposed Class is so numerous that individual joinder of all its

members is impracticable.  Members of the Class number in the thousands, and members of the

Class are geographically dispersed across the United States.  While the exact number and

identities of the Class members are unknown at this time, such information can be ascertained

through appropriate investigation and discovery.  The disposition of the claims of the Class

members in a single class action will provide substantial benefits to all parties and to the Court.

36.  **Common Questions of Law and Fact Predominate:**  There are questions of law

and fact common to the representative Plaintiff and the Class, and those questions substantially

predominate over any questions that may affect individual Class members.  Common questions

of law and fact include, but are not limited to, the following:

a.  Whether Defendant charged consumer accounts without the prior knowledge, consent or written authorization of the owner of the account;

b.  Whether Defendant has rules, guidelines and instructions for employees and/or agents regarding their representations to consumers, and if so, the nature and extent of those rules, guidelines and instructions;

c.  Whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, fraudulent or unlawful business practices;

d.  Whether Defendant violated the Missouri Merchandising Practices Act by, among other things, engaging in unfair, unlawful, or fraudulent practices;

e.  Whether Defendant violated the Electronic Funds Transfer Act by, among other things, initiating and securing or attempting to secure electronic fund transfers without the prior written authorization of the owner of the account;

f.  Whether Defendant violated the Electronic Funds Transfer Act by, among other things, failing to provide a copy of the written authorization to the owner of the account;

g.  Whether Defendant knew or should have known that its business practices were deceiving consumers;

h.      Whether Defendant received complaints from consumers regarding the deceptive
and fraudulent business practices, and if so, the nature and timeliness of such
complaints and whether Defendant took any corrective actions as a result of such
complaints;

i.      Whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and
Class members are entitled to restitution, injunctive and/or monetary relief and, if
so, the amount and nature of such relief; and

j.      Whether Defendant was unjustly enriched by its conduct.

37.     **Typicality:**  Plaintiff's claims are typical of the claims of the members of the
Class.  Plaintiff and other members of the Class sustained damages arising out of the same illicit
and fraudulent trade practices, based upon the same deceptive marketing of the same technical
support "service."  The nature of Defendant's fraudulent misrepresentations are the same for
Plaintiff and all members of the Class, even if they did not have the same electronic device or
were not seeking to resolve the same technical issue.  The factual bases of Defendant's
misconduct are common to the Class members and represent a common thread of deceptive
marketing and fraudulent actions resulting in injury to all Class members.  Plaintiff is asserting
the same rights, making the same claims, and seeking the same relief for herself and all other
Class members.  The central questions of whether Defendant was deceptive and whether
Defendant charged consumer accounts without proper permission are common to all Class
members and predominates over all other questions, legal and factual, in this litigation.

38.     **Adequate Representation:**  Plaintiff is an adequate representative of the Class
because she is a Class member and does not have interests that conflict with those of the other
Class members she seeks to represent.  Plaintiff is represented by experienced and able counsel,

who have litigated class-action lawsuits, and Plaintiff's Counsel intend to prosecute this action vigorously for the benefit of the Class.  Plaintiff and her Counsel will fairly and adequately protect the interests of the Class members.

39.    **Predominance and Superiority:**  This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.  Should individual Class members be required to bring separate actions, this Court and/or the courts throughout Missouri and the United States would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision of a single court.  Furthermore, for many, if not most, Class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.  Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## COUNT I
### VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
### (ON BEHALF OF THE MISSOURI SUBCLASS)

40.     Plaintiff, individually and on behalf of all others similarly situated, adopts and incorporates by reference all allegations contained in the foregoing paragraphs as though fully set forth herein.

41.     This cause of action is brought pursuant to the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010 *et seq.* (the "MMPA").

42.     The MMPA provides, in part, as follows:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. . . in and from the State of Missouri, is declared to be an unlawful practice. . . Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.  Mo. Ann. Stat. § 407.020.

43.     This action is brought to secure redress for the unlawful, deceptive and unfair trade practices perpetrated by Defendant on behalf of Plaintiff and the Class members. Defendant's acts of deception, including but not limited to knowingly and purposefully communicating with consumers in a deceptive manner; and knowingly and purposefully initiating and securing charges to accounts, on a recurring basis, without the prior knowledge, consent or written authorization of the owner of the account, are unconscionable, unfair, and deceptive acts or practices, and constitute multiple, separate violations of the MMPA.

44.     Defendant engaged in the unlawful practices as set forth in this Complaint in the sale of "merchandise" (services), as that term is defined by the MMPA, which are primarily used for personal, family or household purposes.

45.     Plaintiff and the Class members are "persons", as that term is defined in the MMPA, who purchased services from Defendant primarily for personal, family or household purposes.

46.     Defendant's deception, misrepresentations and/or omissions as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and members of the Class regarding Defendant's services.

47.     Defendant, in connection with the marketing and sale of its services, engaged in deceptive, fraudulent, and misleading practices in violation of the MMPA as set forth in this Complaint.

48.     The deception perpetrated by Defendant in violation of the MMPA was consistent, uniform, continuous, pervasive and widespread during the Class period.

49.     Defendant's conduct directly and proximately caused or contributed to cause damage in fact and an ascertainable loss of money or property to Plaintiff and the members of the Class in that Defendant initiated and secured charges to accounts, on a recurring basis, without the prior knowledge, consent or written authorization of the owner of the account.  The resulting damage to Plaintiff and the Class members was foreseeable to Defendant.

50.     Plaintiff and the members of the Class are entitled to recover their actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Missouri law, including the MMPA.

51.     All of the acts and activities of Defendant, as set forth in this Complaint, were performed willfully, intentionally, fraudulently, maliciously, knowingly, conspiratorially and with the conscious disregard of the rights of Plaintiff and all Class members, and warrant an

award of punitive damages to deter Defendant, and others in similar circumstances, from committing such actions in the future.

**COUNT II**
**VIOLATION OF THE CONSUMER FRAUD LAWS OF THE VARIOUS STATES**
**(ON BEHALF OF THE NATIONAL CLASS)**

52.     Plaintiff, individually and on behalf of all others similarly situated, adopts and incorporates by reference all allegations contained in the foregoing paragraphs as though fully set forth herein.

53.     By engaging in the unfair, unlawful, misleading, unconscionable, and deceptive acts as described herein, Defendant is in violation of the following state consumer statutes: ALA. CODE §§ 8.19-1, *et seq*., ALASKA STAT. CODE §§ 45.50.471, *et seq*., ARIZ. REV. STAT. §§ 44.1522, *et seq*., ARK. CODE ANN. §§ 4-88-107, *et seq*., CAL. COMPETITION LAW, BUS. & PROF. CODE §§ 17200, *et seq*., COLO. REV. STAT. §§ 6-1-101, *et seq*., CONN. GEN. STAT. §§ 42-110b, *et seq*., DEL. CODE ANN. Tit. 6, §§ 2511, *et seq*., D.C. CODE ANN. §§ 28-3901, *et seq*., FLA. STAT. ANN. §§ 501.201, *et seq*., GA. CODE ANN. §§ 10-1-392, *et seq*., HAW. REV. STAT. §§ 480, *et seq*., IDAHO CODE §§ 48-601, *et seq*., ILL. COMP. STAT. 505/1, *et seq*., IND. CODE ANN. §§ 24-5-0.5-1, *et seq*., IOWA CODE §§ 714.16, *et seq*., KAN. STAT. §§ 50-623, *et seq*., KY. REV. STAT. ANN. §§ 367.110, *et seq*., LA. REV. STAT. §§ 55:1404, *et seq*., ME. REV. STAT. tit. 5, §§ 205-A, *et seq*., MD. CODE ANN., COM. LAW §§ 13-101, *et seq*., MASS. GEN. LAWS ch. 93A, §§1, *et seq*., MICH. COMP. LAWS §§ 445.901, *et seq*., MINN. STAT. §§ 8.31, *et seq*., MISS. CODE ANN. §§ 75-24-3, *et seq*., MONT. CODE ANN. §§ 30-14-101, *et seq*., NEB. REV. STAT. §§ 59-1601, *et seq*., NEV. REV. STAT. §§ 598.0903, *et seq*., N.H. REV. STAT. ANN. §§ 358-A:1, *et seq*., N.J. STAT. ANN. §§ 56:8-1, *et seq*., N.M. STAT. ANN. §§ 57-12-1, *et seq*., N.Y. GEN. BUS. LAW §§ 349, *et seq*., N.C. GEN. STAT. §§

75-1.1, *et seq.*, N.D. CENT. CODE §§ 51-15-01, *et seq.*, OKLA. STAT. tit. 15, §§ 751, *et seq.*, OR. REV. STAT. §§ 646.605, *et seq.*, 73 PA. CONS. STAT. §§ 201-1, *et seq.*, R.I. GEN. LAWS §§ 6-13.1-1, *et seq.*, S.C. CODE §§ 39-5-10, *et seq.*, S.D. CODIFIED LAWS §§ 37-24-1, *et seq.*, TENN. CODE ANN. §§ 47-18-101, *et seq.*, TEX. BUS. & COM. CODE ANN. §§ 17.41, *et seq.*, UTAH CODE ANN. §§ 13-11-1, *et seq.*, VT. STAT. ANN. tit. 9, §§ 2451, *et seq.*, VA. CODE ANN. §§ 59.1-196, *et seq.*, WASH. REV. CODE §§ 19.86.010, *et seq.*, W. VA. CODE §§ 46A-6-101, *et seq.*, WIS. STAT. §§ 100.18, *et seq.*, and WYO. STAT. ANN. §§ 40-12-101 *et seq.*

54.     The acts, practices, misrepresentations and/or omissions by Defendant, as described herein, constitute unfair competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated statutes as each of these statutes generally prohibits deceptive conduct in consumer transactions.

55.     Defendant violated each of these statutes through the deceptive marketing and sale of its services, when Defendant specifically and expressly misrepresented material facts to Plaintiff and the members of the Class, including but not limited to misrepresentations related to Defendant's intention to initiate and secure unauthorized charges to consumer accounts.

56.     Defendant's conduct directly and proximately caused or contributed to cause damage in fact and an ascertainable loss of money or property to Plaintiff and the members of the Class in that Defendant initiated and secured charges to their accounts, on a recurring basis, without the prior knowledge, consent or written authorization of the owner of the account.  The resulting damage to Plaintiff and the Class members was foreseeable to Defendant.

## COUNT III
### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### (ON BEHALF OF THE NATIONAL CLASS)

57.     Plaintiff, individually and on behalf of all others similarly situated, adopts and incorporates by reference all allegations contained in the foregoing paragraphs as though fully set forth herein.

58.     The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA"), subjects electronic money transfers to procedural requirements designed to protect consumers from transactions made in error or without the consumer's consent.

59.     Plaintiff and the Class members are "consumers" as that term is defined in the EFTA.

60.     The money transfers which occurred when Defendant electronically charged Plaintiff's and the Class members' accounts are "preauthorized electronic fund transfers" as that term is defined in the EFTA.

61.     Pursuant to 15 U.S.C. § 1693e(a), Defendant was required by law to obtain Plaintiff's and the Class members' written consent and provide a record of that written consent prior to initiating and securing recurring charges to Plaintiff's and the Class members' accounts.

62.     Defendant initiated and secured electronic fund transfers without first obtaining Plaintiff's and the Class members' written consent, and without first providing Plaintiff and the Class members a record of that written consent.

63.     Plaintiff and the members of the Class have suffered damages as a result of Defendant's violations of the EFTA.

64.     Pursuant to 15 U.S.C. § 1693m, Plaintiff and the members of the Class seek actual damages, statutory damages, reasonable costs and attorneys' fees, and an injunction against further violations.

## COUNT IV
## FRAUDULENT MISREPRESENTATION
## (ON BEHALF OF THE NATIONAL CLASS)

65.     Plaintiff, individually and on behalf of all others similarly situated, adopts and incorporates by reference all allegations contained in the foregoing paragraphs as though fully set forth herein.

66.     Through the deceptive marketing and sale of its services, Defendant specifically and expressly misrepresented material facts to Plaintiff and the members of the Class, including but not limited to knowingly and purposefully communicating with consumers in a deceptive manner; and knowingly and purposefully initiating and securing charges to consumer accounts, on a recurring basis, without the prior knowledge, consent or written authorization of the owner of the account.

67.     Plaintiff and the members of the Class relied on Defendant's misrepresentations as set forth herein, were induced to provide monies to Defendant, and suffered the loss of valuable time and monies as a result.

68.     Defendant's misrepresentations were material; were false; were either known to be false or were recklessly made without knowledge of their truth or falsity; and were made with the intent that the misrepresentations would be acted on by Plaintiff and the members of the Class in a manner reasonably contemplated.

69.     Plaintiff and the members of the Class were ignorant of the falsity of the representations made by Defendant; Plaintiff and the members of the Class had the right to rely thereon.

70.     As a direct and proximate result of Defendant's fraudulent misrepresentations as aforesaid, Plaintiff and the members of the Class have been damaged in that Defendant initiated

and secured charges to their accounts, on a recurring basis, without the prior knowledge, consent

or written authorization of the owner of the account.  In addition to such damages, Plaintiff and

the members of the Class lost the use and enjoyment of valuable time and resources in dealing

with Defendant's fraudulent misrepresentations.

71.     The false representations were made maliciously, with evil intent and/or a conscious

disregard for Plaintiff and the members of the Class, to justify the imposition of punitive damages.

### COUNT V
### UNJUST ENRICHMENT
### (ON BEHALF OF THE NATIONAL CLASS)

72.     Plaintiff, individually and on behalf of all others similarly situated, adopts and

incorporates by reference all allegations contained in the foregoing paragraphs as though fully

set forth herein.

73.     Defendant knowingly and without authorization charged the accounts of Plaintiff

and the other members of the Class.

74.     As a result, and despite having no valid or legal basis to do so, Defendant unjustly

received and continues to receive a monetary benefit in the form of fees charged to those

accounts.

75.     Defendant appreciates and/or has knowledge of these benefits.

76.     Defendant's acceptance and retention of these benefits under the circumstances

make it inequitable for Defendant to retain the ill-gotten benefits that it received from Plaintiff

and the members of the Class.

77.     Defendant, by the deliberate and fraudulent conduct complained of herein, has

been unjustly enriched in a manner that warrants restitution.

78.     As a proximate consequence of Defendant's improper and unlawful conduct, Plaintiff and the members of the Class were injured.

79.     Plaintiff, individually and on behalf of the Class, seeks restitution for Defendant's unlawful conduct, as well as interest, reasonable costs and attorneys' fees.

80.     Plaintiff and the members of the Class have no adequate remedy at law against Defendant.

## COUNT VI
### INJUNCTIVE RELIEF
### (ON BEHALF OF THE NATIONAL CLASS)

81.     Plaintiff, individually and on behalf of all others similarly situated, adopts and incorporates by reference all allegations contained in the foregoing paragraphs as though fully set forth herein.

82.     Defendant has refused to act on grounds generally applicable to Plaintiff and the members of the Class, thereby making final injunctive relief appropriate.

83.     Defendant's conduct, as more fully set forth herein, both in the past and through the present day, has demonstrated a willful disregard for the rights of consumers, and persists in its deceptive and unfair marketing and sales practices to the detriment of consumers across the country.

84.     If Defendant is allowed to continue with these illicit practices, Plaintiff and members of the Class will be irreparably harmed in that they do not have a plain, adequate, speedy, or complete remedy at law to address all of the wrongs alleged in this Complaint, unless injunctive relief is granted to stop Defendant's improper conduct.

85.     Plaintiff and members of the Class are entitled to an injunction requiring Defendant to cease its unfair and deceptive marketing and sales practices, as alleged herein, including the effects thereof.

86.     Plaintiff and members of the Class seek a Court Order requiring Defendant to discontinue initiating charges to consumer accounts without receiving prior written consent from the owner of the account and without providing the owner of the account a copy of such authorization.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the members of the Class request the Court enter an order or judgment against Defendant as follows:

1.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Federal Rule of Civil Procedure 23, and certification of the proposed Class and notice thereto to be paid by Defendant;

2.     Designating Plaintiff as representative of the Class and their counsel as Class counsel;

3.     Adjudging and decreeing that Defendant has engaged in the conduct alleged herein, entering Judgment in favor of Plaintiff and the Class and against Defendant;

4.     Awarding Plaintiff and the Class their individual damages and attorneys' fees and allowing costs, including interest thereon; damages as permitted under the state and federal statutes referenced herein; and/or restitution and equitable relief;

5.     Entering an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, deceitful, and fraudulent practices alleged in this Complaint, and awarding such other injunctive relief as described herein;

6.     Awarding special damages according to proof on certain causes of action;

7.     Awarding both pre- and post-judgment interest at the maximum allowable rate on any amounts awarded; and

8.     Granting any and all such other and further relief that this Court may deem just and proper.


HOLLORAN WHITE SCHWARTZ & GAERTNER LLP


/s/ Thomas E. Schwartz
Thomas E. Schwartz, #MO44504
Mark J. Gaertner, #MO50291
2000 So. 8th Street
St. Louis, Missouri 63105
(314) 772-8989
(314) 772-8990 Fax
ATTORNEYS FOR PLAINTIFF